# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3626 | **DATE** | 6/20/2000 |
| **CASE TITLE** | Telemark Development vs. John P. Mengelt | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Order. Telemark is allowed until June 27, 2000 to file in this Court's chambers a suitable amendment to the Complaint specifying Mengelt's state of citizenship, failing which this Court would be constrained to dismiss this action for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 21 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/20/2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TELEMARK DEVELOPMENT GROUP, INC., )
                                   )
              Plaintiff,           )
                                   )
     v.                            )    No.  00 C 3626
                                   )
JOHN P. MENGELT,                   )
                                   )
              Defendant.           )

MEMORANDUM ORDER

Telemark Development Group, Inc. ("Telemark") has brought this action against John Mengelt ("Mengelt"), invoking federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte to direct Telemark to cure an obvious defect in its jurisdictional allegations.

There is no problem with Telemark's identification of both facets of its corporate citizenship under 28 U.S.C. §1332(c)(1) (see Complaint ¶1), nor is there any doubt as to the existence of the requisite amount in controversy (Complaint ¶17 alleges that the stock Telemark seeks to recover has a value of some $1.6 million). But as to Mengelt, Complaint ¶2 speaks only of his Lake Forest, Illinois residence, although by definition it is his state of citizenship that determines the presence or absence of diversity.

As might be expected, our Court of Appeals regularly teaches that such a flaw, if uncured, mandates dismissal for lack of subject matter jurisdiction (most recently, see Tylka v. Gerber

Prods. Co., 211 F.3d 445, 448 (7th Cir. 2000) and cases cited there). As stated in Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996)):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

Accordingly Telemark is allowed until June 27, 2000 to file in this Court's chambers a suitable amendment to the Complaint specifying Mengelt's state of citizenship, failing which this Court would be constrained to dismiss this action for lack of subject matter jurisdiction.[1]

                        _____
                        Milton I. Shadur
                        Senior United States District Judge

Date: June 20, 2000

---

[1] Because it would seem most likely that the defect referred to here is readily curable, this Court is concurrently entering its usual order specifying an initial status hearing date and other matters on the assumption that Telemark will take the necessary step to keep this action in court.